# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| IN RE: BANK OF AMERICA CALIFORNIA UNEMPLOYMENT BENEFITS LITIGATION | Case No. 21-md-02992-LAB<br><br>**ORDER RE: CASE MANAGEMENT** |

This multidistrict litigation, involving two dozen member cases, a putative class, and hundreds of individual plaintiffs, was transferred to this Court by a conditional transfer order of the Judicial Panel on Multidistrict Litigation on June 4, 2021. The Court held a preliminary conference on July 19, 2021 to address:

1) A schedule for proceeding with the litigation;
2) An organizational structure for plaintiffs' counsel;
3) Administrative closure of the cases consolidated into the *Yick* action prior to transfer;
4) Discovery, including whether the Court's discovery stay should remain in place; and
5) Inclusion of the California Employment Development Department ("EDD") as a defendant.

1

Having heard the parties on each of these issues, the Court issues the following **ORDERS**:

1) Plaintiffs' Interim Co-Lead Counsel (designated below) must file a single master consolidated complaint on or before **August 17, 2021**. The complaint shall include all claims on behalf of the putative class. Any individual plaintiffs' claims involving similar facts and legal theories to the putative class's claims should be included. Interim co-lead counsel (designated below) may include other individual plaintiffs' claims at its discretion. Any individual plaintiff's claims alleged in a member case but not included in the consolidated pleading are **STAYED**. The consolidated pleading shouldn't include any claims against the California Employment Development Department. All such claims alleged in any member case are **STAYED**.

2) Defendant must file any answer or motion to dismiss the master consolidated complaint on or before **October 1, 2021**. If Defendant chooses to file a motion to dismiss, the memorandum of points and authorities in support of that motion must be no longer than 40 pages. Plaintiffs' response to any motion to dismiss must be no longer than 40 pages and filed on or before **November 15, 2021**, and any reply must be no longer than 20 pages and filed on or before **December 15, 2021**. The Court will reserve **January 10, 2021 at 11:30 a.m.** for the hearing on that motion, but counsel must nevertheless call chambers to confirm that hearing date prior to filing the motion.

3) Cotchett, Pitre, & McCarthy LLP and Altshuler Berzon LLP are appointed as Interim Co-Lead Counsel. In that role, those firms will be responsible for: (a) determining the litigation strategy on behalf of Class Action Plaintiffs; (b) promoting the orderly and efficient conduct of this litigation and avoiding unnecessary duplication and unproductive efforts; (c) acting

as spokesperson (either personally or by designee) for the Plaintiff class at pretrial conferences; (d) delegating work responsibilities; (e) entering into stipulations (either personally or by designee) necessary for the conduct of the litigation with opposing counsel; and (f) communicating with Defendant's counsel and the Court on behalf of Class Action Plaintiffs and the class. No plaintiff may make any request for or response to discovery, initiate or file any other pretrial or trial proceedings (except that individual plaintiffs not already involved in a member case may file new complaints), or file or respond to any dispositive motion except through Interim Co-Lead Counsel.

4) Casey Gerry Schenk Fancavilla Blatt & Penfield LLP ("Casey Gerry") is appointed as Interim Liaison Counsel for the class plaintiffs. The Law Office of Daniel G. Shay is appointed as Interim Liaison Counsel for individual plaintiffs. Liaison counsel will be responsible for: (a) working with Interim Co-Lead Counsel to delegate work responsibilities to other plaintiffs' counsel in a fair and orderly manner; (b) monitoring the activities of all plaintiffs' counsel to ensure that plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expense are avoided; (c) being available for communications to and from this Court, including by distributing orders and other directions from the Court to counsel; (d) providing plaintiffs' counsel (as required by applicable Court rules) with the local rules, standing orders, and guidelines of the U.S. District Court for the Southern District of California, standing orders of the Court, and the rules of the undersigned District Judge and Magistrate Judge Berg, and ensuring that any updates and changes to the local rules, standing orders, and guidelines of this District or the Court are timely communicated to counsel as needed; (e) working with all plaintiffs' counsel where it is

appropriate and relevant to their responsibilities; (f) creating and maintaining a master service list of all Class Action Parties and their respective counsel, and promptly advising the Court and Defendant's counsel of any changes to the same; (g) distributing to counsel, as appropriate, any orders, notices, and correspondence from the Court that are not electronically filed, as well as any discovery, pleadings, correspondence, or other documents from Defendant's counsel that are not electronically filed; (h) for class Interim Liaison counsel only, obtaining and maintaining time records for class plaintiffs' counsel, and preparing and submitting related reports to the Court as requested; (i) communicating with the Court as delegated by Interim Co-Lead Counsel; and (j) participating in any settlement conferences together with Interim Co-Lead Counsel.

5) Magistrate Judge Berg may lift the discovery stay in whole or in part. Interim Co-Lead Counsel and Interim Liaison Counsel are **ORDERED** to participate in a discovery conference with Judge Berg via Zoom on **August 5, 2021 at 9:30 a.m.** Judge Berg will issue an order with procedures for the discovery conference. Any part of the discovery stay not lifted by Judge Berg will expire upon Bank of America's filing of an answer.

6) The Clerk is ordered to administratively close the following cases, which were consolidated with *Yick v. Bank of America* prior to transfer:
   a. *Wilson v. Bank of America*, 21-cv-1087;
   b. *Oosthiuzen v. Bank of America*, 21-cv-1088;
   c. *McClure v. Bank of America*, 21-cv-1089;
   d. *Rodriguez v. Bank of America*, 21-cv-1090;
   e. *Willrich v. Bank of America*, 21-cv-1093;
   f. *Cajas v. Bank of America*, 21-cv-1094;

    g.  *Mosson v. Bank of America*, 21-cv-1095; and

    h.  *Stephanie Smith v. Bank of America*, 21-cv-1115.

**IT IS SO ORDERED.**

Dated: July 20, 2021

*[signature]*

Hon. Larry Alan Burns
United States District Judge