JAMES W. MCGARRY (*pro hac vice*)
JMcGarry@goodwinlaw.com
YVONNE W. CHAN (*pro hac vice*)
YChan@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570 1000
Fax: +1 617 523 1231

Attorneys for Defendant
BANK OF AMERICA, N.A.

[*ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK*]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA –

## SAN DIEGO DIVISION

| | |
|---|---|
| IN RE: BANK OF AMERICA CALIFORNIA UNEMPLOYMENT BENEFITS LITIGATION | Case No. 21-MD-02992-LAB-MSB<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS MASTER CONSOLIDATED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**<br><br>Date:    January 10, 2022<br>Time:   11:30 a.m.<br>Ctrm:   14A – 14th Floor<br>Judge:  Hon. Larry Alan Burns<br><br>Filed/Lodged Concurrently with:<br>  1. Notice of Motion & Motion<br>  2. Memorandum<br>  3. Declaration of Robert Chestnut<br>  4. Declaration of Shane Daniels<br>  5. [Proposed] Order |

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 and supporting case law, Defendant Bank of America, N.A. ("BANA" or "Bank of America"), requests that this Court take judicial notice of the following documents in connection with Bank of America's Motion to Dismiss the Master Consolidated Complaint ("MCC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6):

1. **Exhibit 1 to the Declaration of Robert Chestnut**: A true and correct copy of the California Employment Development Department Debit Card Account Agreement, expressly incorporated into the MCC by reference. This document is authenticated by the Declaration of Robert Chestnut filed concurrently with this request.

2. **Exhibit 2 to the Declaration of Robert Chestnut**: A true and correct copy of excerpts of the agreement between BANA and the California Employment Development Department (the "EDD Agreement"), expressly incorporated into the MCC by reference. This document is authenticated by the Declaration of Robert Chestnut filed concurrently with this request.

3. **Exhibit 3 to the Declaration of Robert Chestnut**: A true and correct copy of excerpts of the August 24, 2020 letter agreement between BANA and the California Employment Development Department which temporarily modifies the EDD Agreement, and thus is also incorporated by reference. This document is authenticated by the Declaration of Robert Chestnut filed concurrently with this request.

Dated: October 1, 2021          Respectfully submitted,

By: *s/ Yvonne W. Chan*
LAURA A. STOLL (SBN 255023)
LStoll@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor

Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

JAMES W. MCGARRY (*pro hac vice*)
JMcGarry@goodwinlaw.com
YVONNE W. CHAN (*pro hac vice*)
YChan@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570 1000
Fax: +1 617 523 1231

THOMAS M. HEFFERON (*pro hac vice*)
THefferon@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N St. NW
Washington, DC 20036
Tel: +1 202 346 4000
Fax: +1 202 346 4444

JANICE P. BROWN (SBN 114433)
jbrown@myersnave.com
ARLENE R. YANG (SBN 297450)
ayang@myersnave.com
**MEYERS NAVE**
600 B Street, Suite 1650
San Diego, CA 92101

BARRY W. LEE (SBN 088685)
bwlee@manatt.com
**MANATT PHELPS & PHILLIPS LLP**
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Tel.: +1 415 291 7450
Fax: +1 415 291 7474

Attorneys for Defendant
BANK OF AMERICA, N.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, … matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201 authorizes the Court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

It has been long recognized that a court may "consider a document if the plaintiff refers extensively to the document or the document forms the basis of the plaintiffs claim." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (internal quotation marks and citation omitted). This "incorporation by reference" doctrine provides a defendant the opportunity to submit additional documents outside of the complaint for the court's consideration and denies a plaintiff the ability to mischaracterize key documents through selective quotation. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (the judicially-created doctrine of incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). A court "may treat such a document as part of the

complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

Each of the following exhibits is the proper subject of judicial notice because it is referred to in detail in the Master Consolidated Complaint ("MCC") and forms the basis for several of Plaintiffs' causes of action.

**Exhibit 1 to the Declaration of Robert Chestnut ("Chestnut Decl.")**

Exhibit 1 to the Chestnut Decl. is a true and complete copy of the California Employment Development Department Debit Card Account Agreement (the "Account Agreement"), which discloses the terms and conditions of recipients' California Employment Development Department Debit Card. The Account Agreement is extensively referenced throughout the MCC. *See* MCC ¶¶ 70-71, 94, 441, 452, 475, 497, 531, 604–08. The Account Agreement forms the basis for Plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing. *See id.* ¶ 608 (alleging that BANA violated the Account Agreement); *id.* ¶ []. The Account Agreement also forms the basis for Plaintiffs' Unfair Competition Law claim. *See id.* ¶ 577 (alleging that BANA committed fraudulent acts against Plaintiffs by "failing to adequately investigate and resolve Plaintiffs' and Class Members' claims of unauthorized transactions in a timely manner despite the Bank's promised 'Zero Liability' policy for unauthorized transactions").

Good cause exists to take judicial notice of Account Agreement because it forms the basis for three of Plaintiffs' causes of action and is, thus, incorporated by reference. MCC ¶¶ 577, 608, 621; *Ritchie*, 342 F.3d at 908; *Khoja*, 899 F.3d at 1002. Good cause also exists to take judicial notice of Account Agreement because the MCC makes extensive references to, and directly quotes from, text contained in the document. *See, e.g.*, MCC ¶¶ 70-73, 99, 605-06; *Steinle*, 919 F.3d at 1162-63. Additionally, good cause exists to take judicial notice of the Account Agreement

because Plaintiffs cannot credibly dispute the authenticity of this document, as its contents bear directly on the existence and nature of Plaintiffs' claims. *See* Fed. R. Evid. 201(b); *Ritchie*, 342 F.3d at 908. Therefore, Exhibit 1 to the Chestnut Decl. is the proper subject of judicial notice.

**Exhibits 2 and 3 to the Chestnut Decl.**

Exhibit 2 is a true and correct copy of excerpts of the agreement between BANA and the California Employment Development Department (the "EDD Agreement"). Exhibit 3 is a true and correct copy of excerpts of the August 24, 2020 letter agreement between BANA and the California Employment Development Department (the "Letter Agreement"), which temporarily modifies the EDD Agreement. The EDD Agreement is referenced in the MCC, and the MCC asserts two separate claims based on the issuance of debit cards pursuant to the EDD Agreement. MCC ¶¶ 42, 44-46, 48-50, 54, 88, 98, 640, 647-49; *Ritchie*, 342 F.3d at 908; *Khoja*, 899 F.3d at 1002. The EDD Agreement forms the basis of Counts XI and XII, for breach of contract and breach of implied covenant of good faith and fair dealing. *See id.* ¶¶ 640 ("As EDD benefits recipients and EDD Debit Cardholders, Plaintiffs and Class Members are intended third-party beneficiaries of the [EDD Agreement]"); 647-49.

Good cause exists to take judicial notice of EDD Agreement because it forms the basis for two of Plaintiffs' claims and is, thus, incorporated by reference. Compl. ¶ 640, 647-49; *Ritchie*, 342 F.3d at 908; *Khoja*, 899 F.3d at 1002. Good cause also exists to take judicial notice of EDD Agreement because the MCC makes references to the EDD Agreement. Additionally, good cause exists to take judicial notice of the EDD Agreement because Plaintiffs cannot credibly dispute the authenticity of this document. *See* Fed. R. Evid. 201(b); *Ritchie*, 342 F.3d at 908. Because the Letter Agreement temporarily modifies the EDD Agreement and is therefore a necessary part of the EDD Agreement, good cause exists to take judicial notice of the Letter

Agreement for the reasons stated above. Therefore, Exhibits 2 and 3 to the Chestnut Declaration are the proper subjects of judicial notice.

For the reasons stated above, Defendant respectfully requests that the Court grant this Request for Judicial Notice.

Dated: October 1, 2021

Respectfully submitted,

By: *s/ Yvonne W. Chan*
LAURA A. STOLL (SBN 255023)
LStoll@goodwinlaw.com
**GOODWIN PROCTER** LLP
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

JAMES W. MCGARRY (*pro hac vice*)
JMcGarry@goodwinlaw.com
YVONNE W. CHAN (*pro hac vice*)
YChan@goodwinlaw.com
**GOODWIN PROCTER** LLP
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570 1000
Fax: +1 617 523 1231

THOMAS M. HEFFERON (*pro hac vice*)
THefferon@goodwinlaw.com
**GOODWIN PROCTER** LLP
1900 N St. NW
Washington, DC 20036
Tel: +1 202 346 4000
Fax: +1 202 346 4444

JANICE P. BROWN (SBN 114433)
jbrown@myersnave.com
ARLENE R. YANG (SBN 297450)
ayang@myersnave.com
**MEYERS NAVE**
600 B Street, Suite 1650
San Diego, CA 92101

BARRY W. LEE (SBN 088685)
bwlee@manatt.com
**MANATT PHELPS & PHILLIPS LLP**
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Tel.: +1 415 291 7450
Fax: +1 415 291 7474

Attorneys for Defendant
BANK OF AMERICA, N.A.

MPA ISO REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS                    7            CASE NO. 21-MD-02992-LAB-MSB

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the clerk of the court for the United States District Court for the Southern District of California by using the CM/ECF system on October 1, 2021.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I certify under penalty of perjury that the foregoing is true and correct.


Executed:   October 1, 2021              *s/ Yvonne W. Chan*
                                          Yvonne W. Chan