JAMES W. MCGARRY (pro hac vice)
*JMcGarry@goodwinlaw.com*
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570 1000
Fax: +1 617 523 1231

SABRINA M. ROSE-SMITH (pro hac vice)
*SRoseSmith@goodwinlaw.com*
MATTHEW L. RIFFEE (pro hac vice)
*MRiffee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

Attorneys for Defendant
BANK OF AMERICA, N.A.

[*ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK*]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| IN RE: BANK OF AMERICA CALIFORNIA UNEMPLOYMENT BENEFITS LITIGATION | Case No. 21-MD-02992-GPC-MSB |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO INDIVIDUAL PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF RELATED CLASS ACTION CERTIFICATION** |
| | Date:  September 9, 2024<br>Time:  2:30 p.m.<br>Ctrm:  2D – 2nd Floor<br>Judge:  Hon. Gonzalo P. Curiel |
| | Filed/Lodged Concurrently with:<br> 1. Declaration of Laura Brys |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................... 1

II.   RELEVANT FACTS AND PROCEDURAL HISTORY ............................. 2

    A.   IT HAS BEEN CLEAR SINCE JULY 2021 THAT INDIVIDUAL PLAINTIFFS' CASES WERE MOVING FORWARD WITH THE CLASS CASE ................................. 2

    B.   SINCE JULY 2021, INDIVIDUAL PLAINTIFFS AND THEIR COUNSEL HAVE BEEN ACTIVELY LITIGATING THEIR CASES AGAINST BANA. ............................... 3

    C.   DISCOVERY IS NEARLY COMPLETE ............................................ 5

III.  LEGAL STANDARD ..................................................................... 6

IV.   ARGUMENT .............................................................................. 7

    A.   BANA WOULD SUFFER UNDUE PREJUDICE IF INDIVIDUAL PLAINTIFFS' CASES ARE STAYED NOW, WHEN DISCOVERY IS NEARLY COMPLETE ............................ 7

    B.   SITTING FOR DEPOSITION IS NOT A "HARDSHIP" OR "INEQUITY" FOR INDIVIDUAL PLAINTIFFS OR THEIR COUNSEL. ......................................... 10

    C.   STAYING THE INDIVIDUAL PLAINTIFFS' CASES, AT THIS LATE DATE, WILL BE INEFFICIENT AND NEEDLESSLY PROLONG THIS CASE INDEFINITELY. ........... 13

    D.   CLASS PLAINTIFFS' UNTIMELY BRIEF IS IMPROPER AND UNAVAILING ......................................................... 17

V.    CONCLUSION ............................................................................ 19

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Ali v. Wells Fargo Bank, N.A.,*
    No. CIV-13-876-D, 2014 WL 819385 (W.D. Okla. Mar. 3, 2014) .................. 14

6

7

*Antoninetti v. Chipotle, Inc.,*
    No. 06cv2671-BTM, 2011 WL 2003292 (S.D. Cal. May 23, 2011) .......... 16, 18

8

*Clinton v. Jones,*
    520 U.S. 681 (1997) ....................................................................... 10

9

10

*CMAX, Inc. v. Hall,*
    300 F.2d 265 (9th Cir. 1962)............................................................ 7

11

12

*Colo. River Water Conservation Dist. v. United States,*
    424 U.S. 800 (1976) ....................................................................... 14

13

14

*I.A. Durbin, Inc. v. Jefferson Nat'l Bank,*
    793 F.2d 1541 (11th Cir. 1986) ....................................................... 14

15

16

*In JoshCo Tech, LLC v. MJJ&L Holdings, LLC,*
    No. 2:20-cv-00428-APG-NJK, 2020 WL 8254262 (D. Nev. Sept. 2,
    2020) ....................................................................................... 7, 8

17

18

*Landis v. N. Am. Co.,*
    299 U.S. 248 (1936) ................................................................. 6, 7, 10

19

20

*Lockyer v. Mirant Corp.,*
    398 F.3d 1098 (9th Cir. 2005) ..................................................... 6, 10

21

22

*Mackey v. Board of Educ. For Arlington Central School Dist.,*
    112 Fed. App'x 89 (2d Cir. 2004) .................................................... 14

23

24

*Mas v. Cumulus Media, Inc.,*
    No. C-10-1396 EMC, 2010 WL 4916402 (N.D. Cal. Nov. 22, 2010)......... 16, 18

25

26

*McDaniels v. Stewart,*
    No. 3:15-CV-05943-BHS-DWC, 2017 WL 132454 (W.D. Wash.
    Jan. 13, 2017)............................................................................ 13

27

28

ii

*Mendez v. Optio Solutions, LLC*,
    239 F. Supp. 3d 1229 (S.D. Cal. Mar. 8, 2017) ............................................ 9, 10

*Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*,
    559 F.3d 1191 (11th Cir. 2009) ................................................................. 14

*Aleman on behalf of Ryder Sys., Inc. v. Sancez*,
    No. 21-cv-20539-BLOOM/Otazo-Reyes, 2021 WL 917969 (S.D.
    Fla. Mar. 10, 2021) ................................................................................. 14

*Omnitracs, LLC v. Platform Sci., Inc.*,
    No. 20-CV-0958-JLS-MDD, 2021 WL 857005 (S.D. Cal. Mar. 8,
    2021) ....................................................................................................... 7, 8

*P.Y.M.T. v. City of Fresno*,
    No. 1:15-CV-710-JAM-BAM, 2016 WL 2930539 (E.D. Cal. May
    19, 2016) .................................................................................................. 10

*Pagtalunan v. Galaza*,
    291 F.3d 639 (9th Cir. 2002) .................................................................... 10

*Richard K. v. United Behavioral Health*,
    No. 18-CV-6318 (GHW) (BCM), 2019 WL 3083019 (S.D.N.Y.
    June 28, 2019) .......................................................................................... 13

*Ross-Nash v. Almond*,
    No. 2:19-cv-00957-APG, NJK, 2020 WL 11036016 (D. Nev. Feb.
    18, 2020) .................................................................................................... 8

*Seufert v. Merck Sharp & Dohme Corp.*,
    No. 13cv2169 AJB (MDD), 2016 WL 9503735 (S.D. Cal. Mar. 9,
    2016) ................................................................................................ 6, 7, 8, 9

*Taunton Gardens Co. v. Hills*,
    557 F.2d 877 (1st Cir. 1977) ..................................................................... 14

*Walker v. Long Island R.R., Inc.*,
    No. 79 Civ. 5429, 1982 WL 180 (S.D.N.Y. Jan. 13, 1982) ......................... 14

**Other Authorities**

Fed. R. Civ. P. 16 ........................................................................................... 17

Fed. R. Civ. P. 30 ..................................................................................... 8, 18

## I.     <u>INTRODUCTION</u>

Individual Plaintiffs' motion (ECF 311, "Motion") is replete with revisionist history and strawman arguments.  It is clear that Individual Plaintiffs seek a stay for one purpose only: to avoid having to sit for deposition in this action that has been pending for more than three years.

After class actions were filed across the state, Individual Plaintiffs filed suit against Bank of America, N.A. ("BANA") in their individual capacities.  The parties have been actively engaged in discovery since June 2023, including discovery regarding both the class action claims and Individual Plaintiffs' claims.  BANA collected and produced approximately 3,700 documents—including transaction histories, account histories, claims documents, and call logs—for more than 200 Individual Plaintiffs.   BANA and Individual Plaintiffs' counsel ("Individual Counsel") have had *at least 24* meet and confers, exchanged *at least 18* discovery letters, and five Individual Plaintiffs' depositions have been successfully taken.

Fact discovery will soon close on December 12, 2024, pursuant to a stipulated schedule agreed to by all parties.  In an effort to complete discovery by the court-ordered deadline, BANA noticed the depositions of the remaining Individual Plaintiffs in July, in order to have sufficient time to complete the depositions before December.  Only now, in the twilight of discovery when faced with the reality that they must meet their impending discovery obligations, do Individual Plaintiffs hastily seek a stay, offering the Court a parade of horribles regarding their purported inability to meaningfully participate in this case.  The undisputed facts do not support Individual Plaintiffs' version of events.

Discovery is a two-way street.  BANA has met its obligations in good faith and at great expense.  It is now time for Individual Plaintiffs to meet their own obligations.  The Court should deny the Motion.

---

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

### A.    It Has Been Clear Since July 2021 that Individual Plaintiffs' Cases Were Moving Forward with the Class Case.

Over three years ago, at the outset of the MDL, the Court considered whether the Class Plaintiffs' case and Individual Plaintiffs' cases would proceed together, or independently.  At the July 19, 2021 Status Conference, Judge Burns questioned whether there should be one consolidated complaint, including both Class and Individual Plaintiffs' allegations, and heard argument from counsel on this issue.  *See* ECF 55, Transcript of Status Conference.  Individual Counsel had the opportunity to request that Individual Plaintiffs' cases be stayed pending resolution of common class issues—they made no such argument or request.  Instead, Individual Counsel told the Court there was "urgency" in moving Individual Plaintiffs' cases forward, because Individual Plaintiffs "*want to settle these cases.  We don't want to be part of a class action.*"  *Id.* at 44:24-25 (emphasis added).

Judge Burns decided that it would be most efficient for the Class and Individual Plaintiffs' cases to move forward together, and ordered the filing of a master consolidated complaint.  *See* ECF 48, July 20, 2021 Order RE: Case Management ("Case Management Order") at 2.  Individual Counsel admits that in the three years since the Case Management Order was issued, they have never contested the terms of the Order (Mot. at 10), nor have they raised any objection— formal or informal—to the Order or expressed any desire to stay the Individual Plaintiffs' cases.[1]

---

[1] The Motion's reference to *Abila v. Bank of America, N.A.*, No. 21-cv-01766, as an example of a case that has been stayed (Mot. at 5), is misleading and inapposite. *Abila* was filed *after* the MDL consolidation, and has been stayed since October 2021 pursuant to the Case Management Order.  *See* Case Management Order at 2.  The same counsel represents both Individual Plaintiffs and the *Abila* plaintiffs. Declaration of Laura Brys ("Brys Decl.") ¶ 12.  Individual Counsel has therefore known, since mid-2021, that a stay was possible, because Counsel was simultaneously representing over 200 *Abila* plaintiffs whose claims *were* stayed. And yet, for three years, Individual Counsel never asked for a stay for Individual Plaintiffs (until now).

In the Case Management Order, Judge Burns set forth an organizational structure for plaintiffs' counsel in this MDL, including the roles and responsibilities of Class Counsel and Individual Counsel. *See* Case Management Order at 2–3. Contrary to the characterization in the Motion, the Order *does not* "bar" (Mot. at 10) or "preclude" (*id.* at 11) Individual Plaintiffs from participating in discovery. Indeed, the very line of the Order that Individual Plaintiffs cite in the Motion repeatedly (*see, e.g.*, Mot. at 4, 9, 13), *invites* Individual Plaintiffs to participate in discovery, provided that Individual Plaintiffs' discovery requests are funneled *through Class Counsel*: "No plaintiff may make any request for or response to discovery . . . *except through* [*Class Counsel*]." Case Management Order at 3. The Order did not "restrict[]" (Mot. at 9) Individual Counsel. It simply provided an organizational structure such that requests to BANA and information from BANA would be funneled through Class Counsel, so that BANA could respond to a single set of requests, rather than multiple, likely overlapping, requests from each of the dozen plaintiffs' firms involved in this MDL, and so that BANA could provide its discovery responses to Class Counsel, and rely on the plaintiffs' firms to distribute that information as appropriate. *See* Case Management Order at 3 (discovery requests should go "through [Class Counsel]") and 4 (Individual Counsel should "distribut[e] to counsel, as appropriate . . . discovery . . . from [BANA]").

**B.    Since July 2021, Individual Plaintiffs and Their Counsel Have Been Actively Litigating Their Cases Against BANA.**

Individual Counsel's conduct over the last three years has been consistent with moving Individual Plaintiffs' claims forward—as was their stated desire at the July 19, 2021 conference. Contrary to their assertion that they have been "barred" from "participating in any meaningful way" (Mot. at 10) in discovery, on August 22, 2023, Individual Counsel demanded that BANA collect and produce each Individual Plaintiffs' "complete file, consistent with the discovery served through class counsel." Brys Decl. ¶ 26, Ex. A. BANA did so, producing for each of the 241

3

Individual Plaintiffs named in the First Amended Master Consolidated Complaint ("FAMCC") that BANA was able to identify, account histories, transaction histories, claims documents, and call logs, which production BANA substantially completed on February 2, 2024.  Brys Decl. ¶ 30.[2]  In total, BANA produced more than 3,700 documents related to the Individual Plaintiffs' claims.[3]

Despite Judge Burns' Case Management Order directing Class Counsel to coordinate with Individual Counsel, and making it the responsibility of plaintiffs' counsel to "distribut[e] . . . discovery" from BANA (Case Management Order at 4), when Individual Counsel expressed concern about obtaining documents related to the Individual Plaintiffs, *it was BANA* that provided Individual Counsel with a spreadsheet identifying each document produced by BANA pertaining specifically to the remaining Individual Plaintiffs.  *See* Brys Decl. ¶ 34, Ex. D.  For each document, the spreadsheet identified the Individual Plaintiff to whom the document related, the document's Bate's range, and the date on which the document was produced by BANA.  *See id.*  In response to concerns expressed by Individual Counsel about the timing of receiving documents from Class Counsel, BANA also provided certain Individual Plaintiff documents directly to Individual Counsel.  *See* Brys Decl. ¶ 32.

Since discovery began in earnest in June 2023, Individual Counsel and BANA met and conferred *at least 24* times, and exchanged *at least 18* formal meet and confer letters regarding the Individual Plaintiffs' cases, discovery, and depositions (to say

---

[2] Individual Plaintiffs' statement that BANA's "production of the Individual Plaintiffs' records continues to be incomplete" (Mot. at 10) is inaccurate.  In many instances, documents Individual Counsel identified as purportedly "missing" have either been produced or do not exist.  *See* Brys Decl. ¶¶ 29, 31.  To the extent Individual Counsel's concern relates to call recordings, the parties have agreed that, due to the substantial burden of collecting and producing call recordings, BANA will only produce such recordings for Individual Plaintiffs who agreed to appear for deposition.  *See* Brys Decl. ¶ 28.

[3] After BANA incurred the cost and burden of collecting documents for more than 200 FAMCC Individual Plaintiffs, *nearly half* of the Individual Plaintiffs elected not to prosecute their actions against BANA, and voluntarily dismissed their cases.  *See, e.g.*, Orders of Dismissal, ECF 240, 254, 265.

nothing of the countless additional informal email exchanges and phone requests). Brys Decl. ¶¶ 22–23. As recently as August 14, 2024, Individual Counsel represented to BANA that approximately seven of the Individual Plaintiffs were available to have their depositions taken in-person in Los Angeles during the week of September 16, 2024, and as recently as August 20, 2024, Individual Counsel offered to identify three additional Individual Plaintiffs who could also be deposed in September. Brys Decl. ¶¶ 61, 65.

Individual Counsel further demanded, on March 19, 2024, to take a Rule 30(b)(6) deposition of a BANA representative who could explain the Individual Plaintiffs' documents. Brys Decl. ¶ 46, Ex. E. BANA agreed, and began preparing a witness to so testify. *Id.* ¶ 47.

Individual Counsel made their discovery demands to BANA *on top of* the massive efforts BANA undertook to comply with Class Counsel's discovery demands on behalf of both the Class and Individual Plaintiffs. Brys Decl. ¶ 13. To date, BANA has expended over $7.9 million in vendor costs alone, and incurred fees for thousands of hours of attorney time. Brys Decl. ¶¶ 14–15. BANA has reviewed over one million documents, and produced over 277,000 documents to Plaintiffs—documents which, pursuant to the Case Management Order, Class Counsel is to provide to Individual Counsel. Brys Decl. ¶ 16; *see* Case Management Order at 3.

### C.    Discovery Is Nearly Complete.

Fact discovery in this MDL is nearly complete, and set to close on December 12, 2024. ECF 302, June 27, 2024 Order Issuing Amended Scheduling Order ("Scheduling Order") at 2. In order to allow sufficient time to schedule the depositions in advance of the discovery deadline, BANA served Individual Counsel with a deposition notice on July 11, 2024.[4] Brys Decl. ¶ 56. BANA has been, and

---

[4] Individual Plaintiffs misrepresent when the depositions were noticed. (*See* Mot. at 2.) BANA served the deposition notice in July, not August. Brys Decl. ¶ 56. BANA furthermore proposed having the depositions take place over a two-week, not two-month, period. *Id.* BANA served a revised deposition notice on August 12, 2024,

continues to be, willing to work with Individual Counsel to schedule these depositions prior to the fact discovery cutoff date.  *See* Brys Decl. ¶ 60.

Rather than respond to BANA's deposition notice, however, Individual Plaintiffs moved on August 13, 2024 to stay their cases "until the common issues of law and fact are adjudicated in the consolidated Class Case."  Mot. at 4.  On August 22, 2024—more than a week after the court-directed deadline for Individual Plaintiffs to file their opening brief and the day before BANA's deadline to respond—without seeking leave of the Court or the parties, Class Plaintiffs filed an untimely opening brief of their own on this issue (ECF 320, "Class Brief").

## III.   LEGAL STANDARD

It is well established that "[a] district court has discretionary power to stay proceedings in its own court."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants."  *Seufert v. Merck Sharp & Dohme Corp.*, No. 13cv2169 AJB (MDD), 2016 WL 9503735, at *1 (S.D. Cal. Mar. 9, 2016).  A party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."  *Landis*, 299 U.S. at 255.

In the Ninth Circuit, the propriety of a "*Landis* Stay" requires the court to "weigh . . . . the competing interests which will be affected by the granting or refusal to grant a stay."  *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  These competing interests include "the possible damage resulting from granting a stay, the hardship or inequity a party may suffer if required to go forward, and the simplifying or complicating of issues, proof, and questions of

---

with dates certain, because Individual Counsel insisted that BANA do so.  Brys Decl. ¶¶ 56, 60.

law that could result from a stay." *CMAX, Inc.*, 300 F.2d at 268.

## IV.    <u>ARGUMENT</u>

### A.    BANA Would Suffer Undue Prejudice if Individual Plaintiffs' Cases Are Stayed Now, When Discovery Is Nearly Complete.

A stay is not appropriate here, where there is more than "a fair possibility" that a stay will prejudice BANA. *See Landis*, 299 U.S. at 255. *First*, where significant effort and considerable resources have been expended in completing discovery, courts have found prejudice to the non-moving party by a stay late in the proceedings. For example, in *Seufert*, the district court was faced with a similar request by individual plaintiffs to stay their cases in favor of an MDL, despite that the cases were already far along and had been litigated for years. 2016 WL 9503735, at *1. Like this action, in *Seufert*, individual plaintiffs asserted separate claims against the same defendants named in a class action MDL. *Id.* In both proceedings, defendants asserted an affirmative defense of conflict preemption. *Id.* Defendants moved for summary judgment in the MDL based on the conflict preemption issue, which motion was granted in late 2015. *Id.* The MDL plaintiffs appealed. *Id.* A few months later, in February 2016, defendants filed a similar conflict preemption-based motion for summary judgment in the individual plaintiffs' case. *Id.* The individual plaintiffs moved to stay consideration of defendants' summary judgment motion pending the outcome of the MDL appeal. *Id.* In denying the motion to stay, the court noted the "inherent inequity and prejudice to Defendants" given the "significant resources exhausted in undertaking and completing discovery" in the individual plaintiffs' case to date. *Id.*, at *2. The court further found that delaying resolution of the preemption-based summary judgment motion after nearly two years of discovery "is not efficient for the parties or the Court." *Id.*, at *2–3.

Other courts have also found that when "discovery is nearing completion," that weighs against a stay. *Omnitracs, LLC v. Platform Sci., Inc.*, No. 20-CV-0958-JLS-MDD, 2021 WL 857005, at *3 (S.D. Cal. Mar. 8, 2021). *In JoshCo Tech, LLC v.*

*MJJ&L Holdings, LLC*, No. 2:20-cv-00428-APG-NJK, 2020 WL 8254262, at *1–2 (D. Nev. Sept. 2, 2020), the district court denied a stay where the moving party had waited until there was little more than a month remaining in the discovery period. As the moving party had *participated* in the discovery process up until that point, the court found that "it does not advance the objectives in [Fed. R. Civ. P.] Rule 1 to stay discovery at this late juncture." *Id.*, at *1–2, 2 n.3; *see also Ross-Nash v. Almond*, No. 2:19-cv-00957-APG, NJK, 2020 WL 11036016, at *1 (D. Nev. Feb. 18, 2020) (denying stay where discovery cutoff was "fast approaching and stalling discovery at this late stage does not promote the goals in Rule 1").

BANA has a real and substantial interest in moving the discovery phase of this MDL to conclusion. It has already spent nearly $8 million in discovery costs alone, including to produce over 277,000 documents, 3,700 of which relate to the Individual Plaintiffs' claims. Brys Decl. ¶¶ 13, 16. And it is already in the process of preparing for the depositions that would bring fact discovery to a close.[5] *See* Brys Decl. ¶ 56, 60. In short, BANA has expended significant time and resources to complete fact discovery before the parties' agreed-upon (and court-ordered) deadline, and would be prejudiced by a stay at this late date, where discovery is "near[] completion." *Omnitracs*, 2021 WL 857005, at *3.

*Second*, while there is a "general policy favoring stays of short, or at least reasonable, duration," a stay is *inappropriate* if *indefinite* in nature. *Seufert*, 2016 WL 9503735, at *3 (citing *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007)). The stay Individual Plaintiffs seek— "until common issues of law and fact are determined in the Class Case" (Mot. at 10,

---

[5] The Individual Plaintiffs' argument that the depositions are an "end-run around the presumptive 10 deposition limits in the Class Case" (Mot. at 13) is nonsensical. Each Individual Plaintiff has sued BANA in his or her individual capacity; it is beyond dispute that BANA is entitled to take their depositions. *See* Fed. R. Civ. P. 30(a)(1). As recently as at the August 20, 2024 Informal Discovery Conference, Magistrate Judge Berg acknowledged BANA's right to the depositions of these Individual Plaintiffs and tentatively ordered that BANA may proceed with another 10 Individual Plaintiff depositions in-person pending the Court's ruling on this Motion. Brys Decl. ¶ 63.

15)—is nebulous.  Individual Plaintiffs offer no suggestion whatsoever for when individual discovery would conceivably pick up again, should a stay be issued.  Even assuming class certification briefing is completed by November 21, 2024, as provided in the Scheduling Order (at 1), no motion hearing date has been set, and the hearing could conceivably take place in 2025, after which it may take some time before an order on class certification issues.  Moreover, "common issues of law and fact" in the Individual and Class cases would certainly be the subject of summary judgment motions, which are not set to be filed until April 14, 2025 (*id.* at 3), which motions present the same timing uncertainties for hearing and decision as the class certification motion.  The stay Individual Plaintiffs propose would last considerably longer if either the class certification or summary judgment order is appealed.  *See Mendez v. Optio Solutions, LLC*, 239 F. Supp. 3d 1229, 1233 (S.D. Cal. Mar. 8, 2017) (rejecting premise that final result is imminent where appeal is likely).  And these delays say nothing about the "common issues" that may be decided *at trial* of the Class Claims.  It is quite likely that the stay Individual Plaintiffs request would push out the completion of individual fact discovery until *2026*.  *See* Scheduling Order at 6 (setting final Pretrial Conference for August 15, *2025*).  Given the uncertainty of the length of the stay Individual Plaintiffs request, it would be undeniably prejudicial to BANA to stay the individual actions.

*Finally*, a stay at this late stage in the litigation is prejudicial and "would undoubtedly jeopardize [*both*] parties' interests in prompt adjudication." *See Seufert*, 2016 WL 9503735, at *3; *see also Mendez*, 239 F. Supp. 3d at 1235 (stay has potential for prejudice where discovery will be delayed).  Indeed, *Individual Counsel* has highlighted for the Court not only their desire to move Individual Plaintiffs' claims to adjudication, but also that there is an "*urgency*" to do so.  ECF 55 at 44:24-25; *see Seufert*, 2016 WL 9503735, at *3 (stay was inappropriate where "on Plaintiffs' side, the actual alleged victims, urgency has always been a concern to the Court . . . .  And the defense has much the same concern in terms of getting to an

adjudication at the earliest practical opportunity").[6]  It is in the parties' best interests to promptly adjudicate the claims, as delaying discovery has the "likely and severe" potential of prejudice resulting from loss of evidence, the risk of witnesses' memories fading or witnesses relocating or otherwise becoming unavailable, and evidence becoming stale or dissipating—dangers which only *increase* with the passage of time.  *Mendez*, 239 F. Supp. 3d at 1235; *see also Clinton v. Jones*, 520 U.S. 681, 707–08 (1997); *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

**B.     Sitting for Deposition Is Not a "Hardship" or "Inequity" for Individual Plaintiffs or Their Counsel.**

Because there is more than "a fair possibility" of damage to BANA if the Individual Plaintiffs' cases are stayed, the Individual Plaintiffs are required to demonstrate a "clear case of hardship or inequity" in moving forward.  *Landis*, 299 U.S. at 255.  Individual Plaintiffs have not—and cannot—meet this standard.

Individual Plaintiffs have not demonstrated any undue hardship or exceptional or compelling circumstances justifying a stay, based on the depositions noticed.  *See, e.g.*, *Mendez*, 239 F. Supp. 3d at 1234–1235, (no hardship in moving forward with "inevitable discovery and motion practice"); *Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.").  Notably, Individual Plaintiffs cite to no authority whatsoever that sitting for a deposition constitutes a hardship or inequity justifying a stay.  Indeed, generally "plaintiffs are required make themselves available for examination in the district in which the suit was brought, because the plaintiffs selected the forum."  *P.Y.M.T. v. City of Fresno*, No. 1:15-CV-710-JAM-BAM, 2016 WL 2930539, at *2 (E.D. Cal. May 19, 2016).  In an effort at compromise, BANA noticed the Individual Plaintiffs' depositions to take place at a

---

[6] Again, the fact that some individuals, such as the *Abila* plaintiffs, are stayed, is irrelevant.  *See, infra*, fn. 1.  BANA does not have the same interests in moving forward in the *Abila* litigation as it does here because BANA has not had to conduct any discovery on the *Abila* plaintiffs.

central place within the California judicial district where each Individual Plaintiff lives, with deposition locations proposed in San Diego, Los Angeles, San Francisco, and Bakersfield.  Brys Decl. ¶ 60.  The Individual Plaintiffs have not carried their burden of establishing that there are circumstances preventing them from appearing at the properly-noticed depositions, that the choice of deposition forum is unreasonable, or that they are otherwise unavailable during the time frame noticed for the depositions.  At the Informal Discovery Conference on whether Individual Plaintiff depositions should be taken in person or remotely, on August 20, 2024, Judge Berg rejected Individual Plaintiff's non-specific claims of hardship, and ordered ten Individual Plaintiff depositions to go forward in person pending the Court's resolution of this Motion.  Brys Decl. ¶ 64.

The Motion, instead, argues that it would be unfair to require Individual Plaintiffs to participate in discovery now because they have purportedly been prevented from meaningfully participating in the discovery that has occurred so far. Mot. at 13–14.  The undisputed facts reveal otherwise.  *First*, the contention that Individual Counsel would have to "scramble" to conduct discovery in the next three months (Mot. at 14) is confounding, as the Individual Plaintiffs *have been conducting discovery*.[7]  Individual Counsel has already defended five Individual Plaintiff depositions, without any complaint about having not reviewed the "nearly a million pages" that BANA produced in response to Class Counsel's demands.  Mot. at 4–5; *see* Brys Decl. ¶ 40, 42–45.  If Individual Counsel had elected to review the documents produced or the written discovery responses in the Class Case, they would understand that this discovery is largely irrelevant to the Individual Plaintiffs' depositions.  Put plainly, the Individual Plaintiff depositions do *not* concern BANA's

---

[7] In addition to engaging with Individual Plaintiffs' own discovery, since June 2023, Individual Counsel has participated in at least 22 status and discovery conferences with Magistrate Judge Berg, attended each one of the five Rule 30(b)(6) depositions of BANA witnesses, and served nearly 150 third-party subpoenas to Individual Plaintiffs' telephone service providers.  Brys Decl. ¶¶ 24, 48–49, 50–54.  Individual Counsel has not been excluded.

policies and procedures.  Rather, the Individual Plaintiff depositions that have been
noticed—like the five depositions that have already been successfully taken—will be
about the facts underlying Individual Plaintiffs' *own* cases.  BANA's production of
documents concerning the Individual Plaintiffs has been substantially complete since
at least February 2, 2024.  Brys Decl. ¶ 30.

*Second*, despite all of the noise that Individual Plaintiffs make about their
supposed inability to participate in discovery, there are no arguments, or even
examples, about *what exactly* it is that Individual Plaintiffs or their counsel need, that
they do not have, such that they should be granted a stay at this late stage.  There is
no suggestion or proffer of any interrogatory, document request, or deposition that
Individual Plaintiffs wanted, but were prevented, from propounding or taking.[8]  This
alone reveals that Individual Plaintiffs' motion is merely a sideshow and an attempt
to skirt the discovery deadline.

*Finally*, *if* Individual Counsel has been stymied in their ability to participate in
discovery, that is due entirely to the relationship between Individual Counsel and
Class Counsel, not BANA.  Individual and Class Counsel's apparent inability to work
cooperatively together cannot justify the prejudice BANA would face if forced to
indefinitely delay the close of fact discovery in this MDL.  Contrary to the Motion's
characterization, Judge Burns' Case Management Order did not exclude Individual
Plaintiffs from discovery; it merely stated that all discovery and other litigation
conduct must go through Class Counsel.  *See* Case Management Order at 2–3.
Pursuant to the Case Management Order, BANA produced documents to Class
Counsel (and, later, in a show of cooperation, provided certain Individual Plaintiff
documents directly to Individual Counsel).  Likewise, pursuant to the rules, BANA
made witnesses available for depositions for seven hours each—depositions which

---

[8] The Individual Plaintiffs say that, absent a stay, they will be scrambling to propound
written discovery.  *See* Mot. at 14.  Not so.  The written discovery deadline passed,
on January 15, 2024.  *See* ECF 139.  In any event, the written discovery that Class
Counsel served applied to Individual Plaintiffs, as well, and BANA has already
responded to that discovery.

*Individual Counsel attended*, yet failed to ask any questions.  Brys Decl. ¶ 50–54.[9] BANA is entitled to presume that plaintiffs will work out amongst themselves who will review documents, and who will take the depositions.  If there were problems within the plaintiffs' counsel group with respect to sharing of information, that is not BANA's concern.

### C.    Staying the Individual Plaintiffs' Cases, at This Late Date, Will be Inefficient and Needlessly Prolong This Case Indefinitely.

Staying Individual Plaintiffs' cases at this point would not be in the interest of judicial economy or efficiency.  Indeed, Judge Burns previously considered and determined this to be true three years ago, when he issued the Case Management Order. *See* ECF 55, 36:2-15, 38:1-13.  Since then, the equities have only dramatically moved *against* a stay.

At base, the reason Individual Plaintiffs are seeking a stay is because they want to avoid deposition.  Where discovery is not only well underway, but *nearly complete*, Plaintiffs' reliance on cases discussing the discovery-related efficiencies of a stay is unavailing, as these cases are inapposite.  For example, Individual Plaintiffs cite *McDaniels v. Stewart*, No. 3:15-CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) for the proposition that staying an individual case during pendency of a class action promotes "judicial economy." Mot. at 15.  But the stay in *McDaniels* was granted when the individual case was still in its early pleading stage, and the class case was already much further along, with a decision on the class certification motion imminent.  *McDaniels*, 2017 WL 132454, at *2.  Other of Individual Plaintiffs' cases also rely on the fact that the class action at issue was *nearing completion*, compared to an early-stage individual action.  *See, e.g.*, *Richard K. v. United Behavioral Health*, No. 18-CV-6318 (GHW) (BCM), 2019 WL 3083019, at *1, 7 (S.D.N.Y. June 28, 2019) (class case sufficiently advanced that individual was presumptive member of *class that had already been certified*);

---

[9] To be clear, BANA did not prevent Individual Counsel from asking questions.

13

*Ali v. Wells Fargo Bank, N.A.*, No. CIV-13-876-D, 2014 WL 819385, at \*1 (W.D. Okla. Mar. 3, 2014) (class case was *pending conclusion of settlement proceedings*). None of these cases help Individual Plaintiffs here, where the Individual Plaintiffs' cases and the Class case *have been litigated in parallel for three years* and are currently in the *exact same procedural posture*.

Individual Plaintiffs also cite other, out-of-circuit, cases that are plainly distinguishable from the circumstances here. In *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.,* 559 F.3d 1191, 1198 (11th Cir. 2009), the court found a stay was appropriate pending an *appellate decision* that was likely to have a substantial or controlling effect on the claims and issues in the stayed case. In *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the Court discussed stays in the context of state-federal concurrent jurisdiction. In *Taunton Gardens Co. v. Hills,* 557 F.2d 877, 879 (1st Cir. 1977), the court ordered a stay where the other pending suit presented "issues of 'public moment'" involving the administration of a "major federal program" to administer and distribute "a significant amount of federal money," and where implementation of the entire program was *already stayed by the Supreme Court*. Finally, in *Aleman on behalf of Ryder Sys., Inc. v. Sancez*, No. 21-cv-20539-BLOOM/Otazo-Reyes, 2021 WL 917969, at \*2 (S.D. Fla. Mar. 10, 2021), the parties had *jointly* moved for a stay. None of these cases help Individual Plaintiffs either, because the circumstances of the stays were plainly distinct from what Individual Plaintiffs are asking for here.[10]

---

[10] Individual Plaintiffs' remaining cited cases did not grant a stay at all. *See, e.g., I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (holding district court abused its discretion in dismissing the instant case, despite having "broad discretion in determining whether to stay or dismiss litigation to avoid duplicating a proceeding already pending in another federal court," as the two suits at issue "differ[ed] significantly and were *not* duplicative"); *Mackey v. Board of Educ. For Arlington Central School Dist.*, 112 Fed. App'x 89, 91 (2d Cir. 2004) (not a decision on a motion to stay, rather, summarily affirming *dismissal* of plaintiff parents' claims, without further analysis); *Walker v. Long Island R.R., Inc.*, No. 79 Civ. 5429, 1982 WL 180 (S.D.N.Y. Jan. 13, 1982) (*dismissing* suit, *against* plaintiff's wishes, where plaintiff would receive the same relief as a member of the plaintiff class and could pursue his rights as part of that action instead).

It is patently *inefficient* for the parties to pause discovery now, when the end is in sight, and restart another discovery period—likely beginning in 2026 or after—after spending considerable time and resources to nearly complete this current discovery round. It cannot seriously be disputed that it would be *more* efficient to simply complete the depositions that have been noticed. In contrast, Individual Plaintiffs' ideas for how a stay would create efficiencies either lack any support, or are entirely nonsensical. For example, Individual Plaintiffs would have the Court believe that the MDL and individual cases can be "streamlin[ed]," but do not articulate *how*. *See, e.g.*, Mot. at 15–16. They also propose "sequenc[ing]" Class and Individual Plaintiffs' cases, likewise without any suggestion of the mechanics of this approach. *Id.* at 15. As explained above, the "sequenc[e]" Individual Plaintiffs seem to be proposing would push out the completion of discovery potentially *for years*, when all that is left to be done is the depositions of the remaining Individual Plaintiffs.

Individual Plaintiffs also propose a "compromise" that the parties not use the depositions of Individual Plaintiffs in connection with class certification. Mot. at 13. As an instant matter, Individual Plaintiffs' position misunderstands and misrepresents Magistrate Judge Berg's informal order regarding the sequencing of this case. *See* Brys Decl. ¶¶ 39, 41. Judge Berg's order that BANA could take ten plaintiff depositions prior to the filing of the class certification motion, which was then due on March 15, 2024, was in response to Class Counsel's expressed concern—based on the schedule in place at that time—that preparing for and attending plaintiff depositions would distract Class Counsel from devoting time and resources to their class certification motion. Brys Decl. ¶ 39. It was in response to this expressed concern that Judge Berg ordered that any additional plaintiff depositions beyond the first ten were not to begin until more than two weeks after the class certification motion filing deadline. Brys Decl. ¶ 39. Since that informal order was issued in February 2024, the class certification motion deadline has been extended *twice,* first

by *two months*, from March to May, and then by *three more months*, from May to August, giving Class Plaintiffs a total of *five extra months* to prepare their class certification motion.  And BANA nonetheless noticed the depositions to begin more than two weeks after the extended class certification motion filing deadline.  Brys Decl. ¶ 56.

In any event, Individual Plaintiffs' so-called "compromise" does nothing to promote judicial economy and efficiency.  The entire premise of the stay Individual Plaintiffs seek is that "[m]any of the Individual Plaintiffs are absent class members," who "may choose to become part of the class action."  Mot. at 16.  If this is true, those individuals *are class members* (absent or not), and therefore their depositions are *directly relevant* to class certification.  *See, e.g.*, *Antoninetti v. Chipotle, Inc.*, No. 06cv2671-BTM (WMc), 2011 WL 2003292, at *2–3 (S.D. Cal. May 23, 2011) ("appropriately focused" deposition testimony from absent class members was "clearly relevant to the claims and defenses in the instant case" where such plaintiffs "injected themselves into the litigation"); *Mas v. Cumulus Media, Inc.*, No. C-10-1396 EMC, 2010 WL 4916402, at *3–4 (N.D. Cal. Nov. 22, 2010) (noting "there is no blanket rule barring discovery with respect to absent class members," and ordering such discovery where plaintiffs at issue had already affirmatively participated in the action).  And if, instead, there are other individuals "who choose to opt out of the Class," (Mot. at 16), their arguments for a stay hold even less water.

Finally, the contention that denying a stay would require Individual Plaintiffs to conduct "extensive discovery" (Mot. at 18) lacks logic.  As discussed, the Motion proceeds on the false assumption that Individual Plaintiffs have not been included in discovery and that a stay would preserve the status quo by insulating them from having to begin discovery.  None of this is accurate.  Individual Plaintiffs *have* been conducting discovery already, through Class Counsel as well as on their own behalf; written discovery is closed, and discovery is nearly complete.  The only effect of denying a stay is that Individual Plaintiffs will be required to sit for depositions in a

16

1   case they filed more than three years ago and have been actively litigating since then.

2       **D.**    **Class Plaintiffs' Untimely Brief Is Improper and Unavailing.**

3       Nothing in Class Plaintiffs' untimely opening brief on the stay issue changes

4   anything.  Procedurally, the Class Brief is untimely and improper.  Substantively, it

5   adds nothing to Individual Plaintiffs' arguments, which fail for all the reasons

6   discussed above.

7       *First*, the Class Brief is untimely.[11]  During a status conference on August 6,

8   2024, which Class Counsel attended, Magistrate Judge Berg ordered Individual

9   Counsel to file their stay motion on or before August 13, 2024.  Brys Decl. ¶ 59.  On

10  that date, BANA and Individual Plaintiffs filed a stipulated expedited briefing

11  schedule requiring responding briefs to be filed by August 23, 2024 (ECF 313),

12  which the Court so-ordered the next day, on August 14, 2024 (ECF 315).  At no point

13  did Class Plaintiffs request an extension to file an opening brief or otherwise indicate

14  they would participate in this motion.  Class Plaintiffs filed their brief on August 22,

15  2024—more than a week after the court-directed deadline for opening briefs, and the

16  day before BANA was due to respond.  Class Plaintiffs offer no good cause—indeed

17  they offer no reason at all—for their delay, and the Court therefore need not consider

18  the late arguments.  *See* Fed. R. Civ. P. 16(b)(4).  The Class Brief is also procedurally

19  improper.   The Motion concerns only the depositions of Individual Plaintiffs

20  represented by *other lawyers*, not Class Counsel.  Class Plaintiffs nowhere explain

21  their interest in this issue.  The Court should ignore both the Class Brief and any reply

22  brief Class Plaintiffs attempt to file on this issue.

23      *Second*, Class Plaintiffs' arguments also fail substantively, for all the same

24  reasons that Individual Plaintiffs' arguments fail.  (Class Plaintiffs claim that the

25  Brief raises "two additional points," (Class Br. at 2), but it does not.)  The first point

26  raised by Class Plaintiffs is the same judicial efficiency argument made by Individual

27

28  [11] Class Plaintiffs call their filing a "Joinder," but it is not.  It is an untimely opening
brief advancing Class Plaintiffs' own arguments.

Plaintiffs and addressed in Section C, above. Class Plaintiffs add nothing new. Their arguments about "the theory behind the MDL process," Class Br. at 3, ring hollow at this point when the Class Plaintiffs' and Individual Plaintiffs' claims have been litigated in parallel for three years, discovery is nearly complete, and all that is left is Individual Plaintiff depositions. Class Plaintiffs' hysteria about "full-blown discovery" regarding the Individual Plaintiffs is a red herring: discovery has been "full-blown" for more than a year, and is almost done; it cannot be seriously disputed that the most efficient option is to simply complete the depositions.

Class Plaintiffs' second point helps them even less. Class Plaintiffs take issue with whether BANA is entitled to depose people who have sued BANA *in their individual capacities*. *See* Class Br. at 4. BANA is plainly entitled to these depositions under the federal rules, (*see* Fed. R. Civ. P. 30(a)(1)), which Judge Berg recently acknowledged. Brys Decl. ¶ 64. The fact that the Individual Plaintiffs are "non-class representative plaintiffs," (Class Br. at 3), is irrelevant where by virtue of filing their own lawsuits against BANA, they have—without question—"injected themselves into the litigation." *See, e.g. Antoninetti*, 2011 WL 2003292, at *1–2; *Mas*, 2010 WL 4916402, at *3. Class Plaintiffs say BANA has "still not explained," (Class Br. at 2), why it needs to take these depositions now. Wrong. BANA has repeatedly told both Individual Counsel and Class Counsel that it wants to schedule these depositions now because *fact discovery closes in December*. Finally, Class Counsel's protestations that the Individual Plaintiff depositions will divert their resources "in the middle of class certification briefing and related expert discovery," (Class Br. at 4), is specious. Since BANA first requested dates for Individual Plaintiff depositions, Class Plaintiffs have received at least *two extensions* of their class certification motion deadline, providing Class Counsel with *five additional months* in which to complete their brief. *See* Brys Decl. ¶ 39. In any event, as stated, the noticed depositions would not begin until *two weeks after* Class Plaintiffs file their certification motion. Finally, Class Counsel's concern about their own ability to

"prepare for and participate in," Class Br. at 4, the Individual Plaintiff depositions
while awaiting BANA's class certification opposition brief is curious.  Class Counsel
attended nearly all of the previous Individual Plaintiff depositions, but elected to ask
no questions of these witnesses.  Brys Decl. ¶¶ 40, 42–45.

## V. <u>CONCLUSION</u>

For the foregoing reasons, BANA respectfully requests that the Court deny
Individual Plaintiffs' motion to stay.


Dated:   August 23, 2024            Respectfully submitted,

By: _s/ Laura G. Brys_

JAMES W. MCGARRY (pro hac vice)
*JMcGarry@goodwinlaw.com*
**GOODWIN PROCTER** LLP
100 Northern Avenue
Boston, MA  02210
Tel.: +1 617 570 1000
Fax: +1 617 523 1231

THOMAS M. HEFFERON (pro hac vice)
*THefferon@goodwinlaw.com*
SABRINA M. ROSE-SMITH (pro hac vice)
*SRoseSmith@goodwinlaw.com*
MATTHEW L. RIFFEE (pro hac vice)
*MRiffee@goodwinlaw.com*
**GOODWIN PROCTER** LLP
1900 N St. NW
Washington, DC 20036
Tel: +1 202 346 4000
Fax: +1 202 346 4444

LAURA G. BRYS (SBN 242100)
*LBrys@goodwinlaw.com*
**GOODWIN PROCTER** LLP
601 S Figueroa St., Suite 4100
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax: +1 617 346 4444

YVONNE W. CHAN (pro hac vice)
*YChan@jonesday.com*
**JONES DAY**
100 High Street
Boston, MA  02110
Tel.: +1 617 960 3939
Fax: +1 617 449 6999

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JANICE P. BROWN (SBN 114433)
*jbrown@myersnave.com*
MATTHEW B. NAZARETH (SBN 278405)
*mnazareth@myersnave.com*
**MEYERS NAVE**
600 B Street, Suite 1650
San Diego, CA 92101

Attorneys for Defendant
BANK OF AMERICA, N.A.

OPP. TO INDIVIDUAL PLAINTIFFS' MOT. TO STAY          CASE NO. 21-MD-02992-GPC-MSB

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that I electronically filed the foregoing with the clerk of the

3  court for the United States District Court for the Southern District of California by

4  using the CM/ECF system on August 23.  I further certify that all participants in the

5  case are registered CM/ECF users and that service will be accomplished by the

6  CM/ECF system. I certify under penalty of perjury that the foregoing is true and

7  correct.

8

9

10  Executed:    August 23, 2024            s/ Laura G. Brys

11                                         LAURA G. BRYS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPP. TO INDIVIDUAL PLAINTIFFS' MOT. TO STAY            CASE NO. 21-MD-02992-GPC-MSB