UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BANK OF AMERICA CALIFORNIA UNEMPLOYMENT BENEFITS LITIGATION, | Case No.: 21MD2992-GPC(MSB)<br><br>**ORDER GRANTING IN PART INDIVIDUAL PLAINTIFFS' EXPEDITED MOTION TO STAY THEIR PROCEEDINGS**<br><br>**[Dkt. No. 311.]** |

Before the Court is Individual Plaintiffs' expedited motion to stay their cases pending resolution of the common issues of law and fact in this multidistrict litigation case. (Dkt. No. 311.) The Class Plaintiffs filed a notice of joinder.[1] (Dkt. No. 320.) An opposition was filed by Defendant Bank of America, N.A. on August 23, 2024, and a reply was filed by Individual Plaintiffs on August 30, 2024. (Dkt. Nos. 321, 325.) A hearing was held on September 9, 2024. (Dkt. No. 331.) Based on the reasoning below,

---

[1] BANA objects to the notice of joinder filed by Class Plaintiffs as untimely, procedurally improper, and also without merit. (Dkt. No. 321 at 21-22.) The Court agrees with BANA that the arguments raised by Class Plaintiffs are duplicative of the ones raised by Individual Plaintiffs. Therefore, the Court need not consider Class Plaintiffs' notice of joinder and whether it is untimely and procedurally improper.

1

the Court GRANTS in part Individual Plaintiffs' expedited motion to stay proceedings until a ruling on the motion for class certification.

## Background

This multidistrict litigation ("MDL") arises from several class actions ("Class Plaintiffs") and a large number of individual actions ("Individual Plaintiffs") brought against Defendant Bank of America, N.A. ("BANA") over its administration of the electronic benefits payment system for California's Employment Development Department ("EDD") during the COVID-19 pandemic. (*See* Dkt. No. 304, Second Amended Master Consolidated Complaint ("SAMCC").) EDD, the administrator of unemployment benefits in California, entered into an exclusive contract with BANA, to distribute those benefits through Bank-issued and Bank-administered prepaid debit cards which are linked to individual Bank depository accounts. (*Id.* ¶¶ 1, 2, 39.) The relevant contract at issue was in effect from August 1, 2016 through July 31, 2021. (*Id.* ¶ 42.)

Class and Individual Plaintiffs, like other millions of Californians, lost their jobs during the COVID-19 pandemic and were found eligible by EDD for unemployment and other public benefits. (*Id.* ¶ 1.) The state's unemployment rate skyrocketed from 3.9% in January 2020 to 16.4% in April 2020 following Governor Gavin Newsom's closure orders. (*Id.* ¶ 74.) Since the start of the COVID-19 pandemic in March 2020, EDD received at least 18.5 million claims for various unemployment benefits. (*Id.* ¶ 75.) For example, in the first week of December 2000, EDD received 341,813 claims which was a 600% increase from December 2019. (*Id.*) Per the exclusive contract between EDD and BANA, the BANA issued benefit payments to individuals found eligible for unemployment benefits through more than 9 million Bank-issued and Bank-administered prepaid debit cards. (*Id.* ¶ 2.) These pre-paid debit cards were subject to rampant third-party fraud during the COVID-19 pandemic and tens of millions of dollars have been stolen from these bank accounts. (*Id.* ¶¶ 76-78.) All Plaintiffs similarly claim that BANA "failed to safeguard and properly manage benefits during the pandemic and

unlawfully froze or denied access to funds in recipients' debit card accounts." (Dkt. No. 1.)

On January 14, 2021, Class Plaintiff Jennifer Yick commenced a purported class action titled *Yick v. Bank of America, N.A.*, No. 3:21-cv-376, in the United States District Court for the Northern District of California. (*Id.* ¶ 106.) Eight[2] additional class actions were subsequently filed and consolidated with *Yick* on March 29, 2021. (*Id.*) Since the filing of *Yick*, other class action plaintiffs and hundreds of individual plaintiffs have filed actions against BANA for injuries stemming from the same alleged conduct.

On June 4, 2021, the Judicial Panel on Multidistrict Litigation transferred the *Yick* class action and individually filed actions to this Court for consolidated pretrial proceedings and assigned it to District Judge Larry A. Burns.[3] (Dkt. No. 1.) On July 19, 2021, the Court held a preliminary case management conference to address case management of the pleadings, an organizational structure for Plaintiffs' counsel and parameters on discovery involving, at that time, the *Yick* consolidated putative class action, three putative class actions and eleven individual actions. (Dkt. Nos. 48, 55.)

In the order following the preliminary case management conference ("July 2021 Order"), the Court appointed Cotchett, Pitre, & McCarthy LLP and Altshuler Berzon LLP as Interim Co-Lead Counsel for Class Plaintiffs and appointed Casey Gerry Schenk Fancavilla Blatt & Penfield LLP as Interim Liaison Counsel for Class Plaintiffs. (Dkt. No. 48 at 2-3.[4]) Daniel G. Shay, and shortly thereafter, Joshua Swigert, (Dkt. No. 56), were appointed Interim Co-Liaison Counsel for Individual Plaintiffs. (Dkt. No. 48 at 3.) In line with the parties' positions to proceed with the Class and Individual Plaintiffs' cases together, (Dkt. No. 55), the Court directed Interim Co-Lead Counsel to file a single

---

[2] It appears that seven additional class actions were filed in the Northern District of California after *Yick*. (Dkt. No. 1 at 4.)

[3] The MDL and related member cases were transferred to the undersigned judge on April 8, 2024. (Dkt. No. 261.)

[4] Page numbers are based on the CM/ECF pagination.

master consolidated complaint ("MCC") to include all claims on behalf of the putative class and individual plaintiffs' claims. (*Id.* at 2.) Any individual plaintiff's claims not included in the consolidated complaint were stayed. (*Id.*) As such, any new cases filed or tag along cases transferred after the filing of the MCC have been stayed until resolution of the MDL. (*See* Dkt. No. 85 ("the Court intends to stay new and related actions until the multidistrict litigation is resolved. On a party's motion after such a stay is lifted, the Court will consider applying its MDL rulings to the non-consolidated cases via nonmutual collateral estoppel or any other applicable theory"); *see also* Case No. 21cv1659, Dkt. No. 8 ("Court orders all deadlines in this matter STAYED pending resolution of the related multidistrict litigation"); Case No. 21cv1660, Dkt. No. 8 (same).)

As to discovery, the Court ordered that "[n]o plaintiff may make any request for or respond to discovery, initiate or file any other pretrial or trial proceedings (except that individual plaintiffs not already involved in a member case may file new complaints), or file or respond to any dispositive motion except through Interim Co-Lead Counsel." (*Id.* at 3.)

On May 25, 2023, almost two years later, the discovery stay was lifted when the Court ruled on Defendant's motion to dismiss the MCC. (Dkt. No. 126 at 75.) On June 2, 2023, Class Plaintiffs submitted a joint discovery plan in advance of the case management conference where discovery was contemplated to be conducted by both Class and Individual Plaintiffs. (Dkt. No. 131 at 2 n. 2 ("Liaison Counsel for the non-class plaintiffs to meet and confer regarding the timing of discovery as to the non-class plaintiffs."). A scheduling order was issued on June 16, 2023 where deadlines were set for discovery and did not distinguish between Individual Plaintiffs and Class Plaintiffs. (Dkt. No. 139.) An amended scheduling order was filed on June 27, 2024 setting a deadline for fact discovery for both Individual and Class Plaintiffs on December 12, 2024. (Dkt. No. 302 at 2.)

After additional motions were filed to settle the pleadings, on July 16, 2024, the Second Amended Master Consolidated Complaint ("SAMCC") was filed and includes 21

Class Plaintiffs and 133 Individual Plaintiffs. (Dkt. No. 304.) An answer was filed on August 15, 2024. (Dkt. No. 316.) At this time, there are an additional 257 individual plaintiffs that have filed actions whose claims are not included in the SAMCC and are currently stayed. (Dkt. No. 311-1 at 4 n. 1, 7-8.)

Since the lifting of the discovery stay in May 2023, Class Plaintiffs and BANA have been actively engaged in discovery. Individual Plaintiffs have also been engaged in discovery concerning their individual cases but have not been fully privy to all discovery produced by BANA. (*See* Dkt. No. 311-2, Swigert Decl. ¶ 14; Dkt. No. 321-1, Brys Decl. ¶¶ 25-38.)

Pursuant to a ruling from Magistrate Judge Berg on February 12, 2024, BANA was allowed to take the depositions of ten Individual Plaintiffs prior to the filing of the motion for class certification. (Dkt. No. 321-1, Brys Decl. ¶ 40.) Therefore, from March 7, 2024, to May 7, 2024, BANA took the depositions of five Individual Plaintiffs with their counsel's attendance and participation. (Id. ¶¶ 41-45.) On July 11, 2024, BANA served a Notice of Deposition to the remaining 128 Individual Plaintiffs with depositions to commence on September 16, 2024 and continuing through September 27, 2024. (*Id.* ¶ 56.) In response to concerns expressed by Individual Plaintiffs, on August 9, 2024, BANA served an Amended Notice of Deposition to the remaining 128 Individual Plaintiffs and offered that each deposition take place at a central location within the federal judicial district where each Individual Plaintiff lives. (*Id.* ¶ 60.) In order to take the depositions of 128 individuals, the amended notice of deposition generally schedules four depositions per day between September 16, 2024 through November 7, 2024. (Dkt. No. 331-3, Swigert Decl., Ex. A.)

In response, on August 13, 2024, Individual Plaintiffs filed the instant motion to stay their proceedings pending resolution of common issues of law and fact[5] in the Class

---

[5] Individual Plaintiffs seek to stay proceedings "pending resolution of related class action certification", (Dkt. No. 311-1 (caption)); "pending resolution of common issues of law and fact", (Dkt. No. 311-1 at

Action which will streamline the litigation, including discovery, because the individual and class claims substantially overlap. (Dkt. No. 311-1.) BANA filed a response and Individual Plaintiffs replied. (Dkt. Nos. 321, 325.)

## Discussion

**A.   *Landis* Stay**

A federal district court possesses the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.,* 299 U.S. 248, 254 (1936).

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 863 (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co*., 342 U.S. 180 (1952)). The related proceeding need only narrow factual or legal issues for the court and the stay is generally for a limited duration. *See Landis*, 299 U.S. at 255-56 (recognizing

---

18 (conclusion)); and "allowing the depositions to take place after class certification and dispositive motions are resolved," (Dkt. No. 325 at 5). The length of the requested stay by Individual Plaintiffs is not clear. Reviewing the Individual Plaintiffs' briefing, the Court relies on the reply statement that seeks a stay pending resolution of the motion for class certification and motion for summary judgment since it provides a more specific time frame for the stay. (*See* Dkt. No. 325 at 5.)

that the related case "may not settle every question of fact and law" in the stayed federal action and a district court abuses its discretion by entering a "stay of indefinite duration in the absence of a pressing need"); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) (reversing district court for imposing *Landis* stay of indefinite nature). A district court has discretion whether to grant or deny a *Landis* stay. *See Dependable Highway Express, Inc.*, 498 F.3d at 1066.

### 1.  Hardship if Stay is Granted

Individual Plaintiffs argue there is no prejudice to BANA if a brief stay is granted because it would not have to expend extra resources deposing 133 Individual Plaintiffs and can focus its resources on opposing the class certification motion. (Dkt. No. 311-1 at 12-13.) BANA responds that it would suffer undue prejudice if the Individual Plaintiffs' cases are stayed because discovery is nearly complete and it has already spent nearly $8 million in discovery costs alone and produced over 277,000 documents, 3,700 of which relate to the Individual Plaintiffs' claims. (Dkt. No. 321 at 11.)

On this factor, "[i]f there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255 (internal quotation marks omitted); *see also Clinton v. Jones,* 520 U.S. 681, 708 (1997) ("The moving party has the burden of proving such a stay is justified."). Courts "are generally unwilling to presume delay is harmful without specific supporting evidence." *Aliphcom v. Fitbit, Inc*., 154 F. Supp. 3d 933, 938 (N.D. Cal. Dec. 30, 2015). A general claim of harm due to a delay in litigation is not sufficient. *See id.*

Here, BANA has not identified or provided any evidence of any harm it will suffer if a stay were granted. BANA alleges harm solely because the motion was raised late in the case where it has already incurred significant resources in completing discovery and relies on *Seufert v. Merck Sharp & Dohme Corp.*, Case No.: 13cv2169 AJB (MDD), 2016 WL 9503735, at *1 (S.D. Cal. Mar. 9, 2016). (Dkt. No. 321 at 11.) In *Seufert*, the district court denied a motion to stay consideration of a summary judgment motion on

preemption while the related MDL case was on appeal from a judgment granted in favor of the MDL defendants based on the same issue of preemption. *Seufert*, 2016 WL 9503735, at *1. Even though the MDL appeal addressed the same issue in the pending summary judgment motion, the court questioned why the parties had not previously anticipated a stay prior to the start of preemption discovery noting that the plaintiff sought a stay after the parties had completed extensive discovery on preemption and after the defendant had already filed the summary judgment motion on preemption. *Id.* at *2-3. Therefore, based on the state of the case, the Court determined that to delay ruling on the preemption motion was not efficient for the parties or the court. *Id.* ("Plaintiffs' proposition that no prejudice will result from a stay because discovery is now complete disregards the significant resources exhausted in undertaking and completing discovery, all of which was premised on Defendants' eventual filing of a preemption summary judgment motion. Delaying resolution of Defendants' preemption-based motion, after nearly two years of discovery is not efficient for the parties or the Court.").

Here, unlike *Seufert*, BANA has not articulated any reason why the Individual Plaintiffs' depositions need to be completed now and whether this discovery is relevant to resolving any pending motions before the Court. Further, significant resources on discovery have been expended but primarily with regards to the Class Plaintiffs case, not necessarily with the Individual Plaintiffs.[6] Further, BANA claims Individual Plaintiffs' motion to stay was brought late in the proceedings. However, the case is still in its early stages. The pleadings were only recently settled in July 2024 with an answer filed on August 15, 2024. (Dkt. Nos. 304, 315.) The motion for class certification was recently filed on August 28, 2024. (Dkt. No. 324.) Further, discovery for the individual plaintiffs

---

[6] While discovery with the Individual Plaintiffs will substantially overlap with Class Plaintiffs, Individual Plaintiffs assert they will need to propound their own written discovery and notice and take required depositions. (Dkt. No. 311-2, Swigart Decl. ¶ 18.) Moreover, BANA states that it has already produced over 277,000 documents and only about 3,700 documents totaling 14,000 pages were related to the Individual Plaintiffs. (Dkt. No. 321-1, Brys Decl. ¶¶ 13, 16.)

in the 257 other cases that have been stayed have not even begun and may need to be re-opened or addressed at a later date once the class action proceedings have concluded. The Court sees no harm to BANA by delaying discovery of the Individual Plaintiffs and the *Seufert* case is inapposite.[7]

Additionally, BANA's concerns about delaying discovery due to the risk of witnesses' memories fading, witnesses relocating or becoming unavailable, and evidence becoming stale or dissipating are speculative and no evidence has been provided that such risks exist. *See Fahmy v. Live Nation Ent., Inc.,* No. 2-15-CV-01158-CAS, 2015 WL 3617040, at *13 (C.D. Cal. June 8, 2015) ("plaintiff's concerns about losing witnesses [due to death or leaving the area] during its pendency are entirely speculative."). Thus, BANA's alleged hardships do not support a stay.

### 2. Hardship if Stay Not Granted

On the other hand, Individual Plaintiffs claim they would suffer extreme hardship and inequity by having to defend 128 depositions without having had access to all of their records and without the Court's ruling on common issues of law and fact. (Dkt. No. 311-1 at 13.) Due to the restrictions imposed by the July 2021 Order, Individual Plaintiffs claim they have been excluded from actively participating in discovery. (*Id.*) They assert they had "extremely" limited access to the discovery produced by BANA in response to Interim Class Counsel's discovery requests and were only invited to "observe" the deposition of BANA's Rule 30(b)(6) witnesses and could not participate by asking questions. (*Id.* at 13-14.) Finally, they claim they have been limited to requesting only

---

[7] Some of the cases relied upon by BANA are not applicable as they did not concern a *Landis* stay. *See Omnitracs, LLC v. Platform Sciences, Inc.,* Case No.: 20-cv-0958-JLS-MDD, 2021 WL 857005, at *3 (S.D. Cal. Mar. 8, 2021) (factor to consider in staying of action pending inter partes review include "whether discovery is complete and whether a trial has been set."); *In JoshCo Tech, LLC v. MJJ&L Holdings, LLC*, No. 2:20-cv-00428-APG-NJK, 2020 WL 8254262, at *1–2 (D. Nev. Sept. 2, 2020) (relying on Rule 1 to secure a "just, speedy and inexpensive determination of cases" and court's discretionary power to control discovery to determine whether a stay was warranted); and *Ross-Nash v. Almond*, No. 2:19-cv-00957-APG, NJK, 2020 WL 11036016, at *1 (D. Nev. Feb. 18, 2020) (same).

their individual files, responding to written discovery served by BANA and sitting for their depositions. (*Id.*) Without a stay, Individual Plaintiffs argue they will be severely prejudiced in their attempt to play "catch up" by propounding and responding to discovery in 133 cases, reviewing hundreds of thousands of documents, and seeking motions to compel, if necessary, in a short amount of time. (*Id*. at 15.)

In contrast, BANA argues the Individual Plaintiffs have been actively engaged in discovery since June 5, 2023 and have sought their individual files as well other discovery relating to them. (Dkt. No. 321 at 15.) Moreover, Individual Plaintiffs' counsel has participated in at least 22 status and discovery conferences, attended the five Rule 30(b)(6) depositions of BANA witnesses and served 150 third-party subpoenas to their telephone service providers. (*Id.* n. 7.)

In reply, Individual Plaintiffs explain that it was their understanding after the July 2021 Order that, except for discovery related to any unique defenses to any of the Individual Plaintiffs, their cases would be paused until the MDL is completed or at least until summary judgment. (Dkt. No. 325 at 3-4.) They also argue they raised the stay issue only after BANA "changed its position and sent notice for approximately 122 individual depositions" and the June 2024 Amended Scheduling Order suddenly, for the first time, opened discovery for both Class Plaintiffs and Individual Plaintiffs. (*Id.* at 3-5.) They claim that the June 2023 Scheduling order limited the discovery deadline to just Class Counsel and defense counsel. (*Id*. at 4.)

Individual Plaintiffs' understanding that their cases had been on hold until the summary judgment stage or until the MDL is over is belied by the record. The Court has reviewed the transcript of the preliminary case management conference, reviewed the parties' status conference statements, and the preliminary case management order. (Dkt. Nos. 31, 32, 55, 48.) The individual plaintiffs, initially, did not seek a stay of their cases pending the class action; instead, they sought to litigate the case. (Dkt. No. 55.) At that time, Interim Co-Lead Counsel in *Yick*, who was appointed Interim Co-Lead Counsel in the MDL, and certain individual plaintiffs' counsel agreed, in their status conference

statement, that "plaintiffs in the individual actions will be bound by the Court's legal determinations regarding causes of action that are asserted in the consolidated class action. Counsel further agree that, with the exception of discovery relating to the specific records of the individual plaintiffs at Bank of America, all discovery requests and depositions will be made by and through interim co-lead counsel for the Class Action Plaintiffs in coordination with counsel for the individual plaintiffs." (Dkt. No. 31 at 10.) The Court's order adopted their position that "[n]o plaintiff may make any request for or response to discovery, initiate or file any other pretrial or trial proceedings . . . or file or respond to any dispositive motion except through Interim Co-Lead Counsel." (Dkt. No. 48 at 3.)

Ultimately, the Court's order did not stay discovery of the Individual Plaintiffs cases but only directed that the Individual Plaintiffs conduct discovery through Interim Co-Lead Counsel. (*Id.*) The record provided by BANA's counsel shows that Individual Plaintiffs have been actively engaged in discovery but not to the fullest extent due to the procedural limitations of the Court's July 2021 Order. (Dkt. No. 321-2, Brys Decl. ¶¶ 21-54.)

Further, if Individual Plaintiffs believed their cases would be paused until the "MDL is over", it does not explain why Individual Plaintiffs have been engaged in discovery. In addition, Individual Plaintiffs have not explained how BANA "changed its position" and have not explained how the June 2024 Amended Scheduling Order opened discovery for the first time to both Class Plaintiffs and Individual Plaintiffs. The June 2023 Scheduling Order applied to all parties too. (*See* Dkt. Nos. 137, 139.) Moreover, having participated in the case management conference of June 26, 2024, Individual Plaintiffs did not object to the fact discovery deadline set for December 12, 2024. (Dkt. Nos. 301, 302.) Individual Plaintiffs only recently raised the issue of the stay on July 25, 2024 and they have not sufficiently explained why it was not raised sooner in light of their argument that they seek a stay because all new cases filed since the MCC have been stayed. (Dkt. No. 321-1, Brys Decl. ¶¶ 57, 58.)

Finally, to the extent Individual Plaintiffs were barred or "hamstrung" from conducting any discovery, they do not explain, with specifics, how they have been excluded from the discovery process or who has barred them from the discovery process. To the extent they were barred or limited, they should have sought relief from the Magistrate Judge. To the extent the limitation in seeking discovery was self-imposed and/or based on a misunderstanding of the July 2021 Order, Individual Plaintiffs have not shown that BANA was at fault.[8]  Thus, Individual Plaintiffs' purported hardships do not support a stay.

### 3.     Judicial Economy and the Orderly Course of Justice

Individual Plaintiffs contend that a stay of proceedings pending resolution of the class action proceedings will promote judicial economy and efficiency as well as party economy. (Dkt. No. 311-1 at 15-17.) They argue the Court's ruling on class certification and summary judgment will reduce the number of issues to be determined for the Individual Plaintiffs' cases either because some will dismiss and join the class and others, who opt out of the Class, will be streamlined because the individual and class claims substantially overlap. (*Id.* at 16-17.) In response, BANA maintains that it would be *more* efficient to simply complete the depositions now rather than pause discovery and restart it likely in 2026. (Dkt. No. 321 at 19.)

On the final factor, the Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Landis,* 299 U.S. at 255; *see CMAX*, 300 F.2d at 268.  A stay promotes the orderly cause of justice where the underlying proceedings are likely to decide or contribute to the issues before the court. *See McGraw v. W. Serv.*

---

[8] Individual Plaintiffs argue that BANA is only seeking to take the depositions of the 128 plaintiffs in order to use them for purposes of its opposition to class certification. Whether taking the depositions of the Individual Plaintiffs are in violation of any case management order or the parameters of the parties' class certification discovery is not before this Court. Any such issues should have been raised with the Magistrate Judge and the Court declines to comment on it.

12

21MD2992-GPC(MSB)

*Cont. Corp*, No. 13-CV-05129-JST, 2014 WL 12573519, at *2 (N.D. Cal. Apr. 14, 2014) (granting a preliminary injunction and staying discovery where "the resolution of the underlying litigation necessarily bears on the indemnification rights at issue in this action."); *see also Fahmy v. Live Nation Ent.,* Inc., No. 2-15-CV-01158-CAS, 2015 WL 3617040, at *13 (C.D. Cal. June 8, 2015) ("Although the outcome of the [underlying case] will not necessarily be dispositive of this case, that outcome will certainly inform this case.").

The Court concludes that judicial economy and the orderly course of justice support a stay until a ruling on the motion for class certification but not until a ruling on any summary judgment motions. A ruling on class certification will likely narrow the number of Individual Plaintiffs' cases. The parties do not dispute that the Class Plaintiffs and Individual Plaintiffs' claims substantially overlap and if the Court certifies a Class, certain Individual Plaintiffs may dismiss their individual suits and join the Class. If the Court does not certify any Class, then the short, limited stay will be lifted. While BANA complains of the exorbitant amount it has already expended on discovery, a stay, at this time, will protect it from any unnecessary and wasteful discovery. *See Finder v. Leprino Foods Co.*, CASE NO. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017) (citation omitted) (conducting "substantial, unrecoverable, and wasteful" discovery that could be mooted after pending proceedings are resolved justifies a stay). Efficiency and judicial economy support conducting the individual actions after resolution of the class certification motion.

As to staying the case until a ruling on summary judgment, Individual Plaintiffs have not provided any information as to whether summary judgment motions will be filed, and if filed, by which party or parties, and what issues would promote efficiency and judicial economy. Therefore, the Court, at this time, declines to stay the case until a ruling on summary judgment.

BANA also argues that the length of the stay Individual Plaintiffs are seeking is nebulous and may likely be indefinite in nature due to the potential appeals of the order

1 on the motion for class certification. (Dkt. No. 321 at 12-13.) The hearing on the motion for class certification is set on January 17, 2025 with an order intended to be issued shortly after that date. (Dkt. No. 302 at 3.) Therefore, the stay sought by Individual Plaintiffs is short and finite. To the extent that BANA contends that the stay may be extended due to a potential appeal is speculation. In the event an appeal is filed on the class certification order, the Court will reassess whether a stay of the Individual Plaintiffs' cases should remain or be lifted at that time. At this time, the Court concludes that the stay sought is of limited duration.

After carefully considering the parties' competing interests under the *Landis* factors, which do not support a stay, the Court ultimately finds the efficient administration of justice and potential waste of judicial and party resources support a limited stay. *See Babaria v. Blinken*, Case No. 22-cv-05521-SI, 2023 WL 187497, at *2-3 (N.D. Cal. Jan. 13, 2023) (granting stay where the balance of hardships was neutral but judicial economy weighed heavily in favor of granting a stay, given the overlap in issues presented). Thus, the Court GRANTS Individual Plaintiffs' motion to stay their proceedings until resolution of the motion for class certification and DENIES without prejudice a stay beyond the ruling on the class certification order.

## Conclusion

Based on the reasoning above, the Court GRANTS in part Individual Plaintiffs' expedited motion to stay their proceedings until a ruling on the class certification motion. Within 10 day of the filing of the Court's order on the class certification motion, the parties must file a joint or ex parte motion to lift the stay, or a joint or ex parte motion to continue the stay.

IT IS SO ORDERED.

Dated: September 17, 2024

Hon. Gonzalo P. Curiel
United States District Judge