UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BANK OF AMERICA CALIFORNIA UNEMPLOYMENT BENEFITS LITIGATION, | Case No.: 21MD2992-GPC(MSB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING RULING ON RULE 23(F) PETITION**<br><br>**[Dkt. No. 513.]** |

Before the Court is Defendant's motion to stay the proceedings pending resolution of its Rule[1] 23(f) petition for permission to appeal the Court's order granting Class Plaintiffs' motion for class certification. (Dkt. No. 513.) An opposition was filed by Class Plaintiffs on July 31, 2025, and a reply was filed by Defendant on August 8, 2025. (Dkt. Nos. 529, 541.) Based on the reasoning below, the Court DENIES Defendant's motion to stay proceedings pending resolution of the Rule 23(f) petition.

## Background

This multidistrict litigation ("MDL") arises from several class actions ("Class Plaintiffs") and a large number of individual actions ("Individual Plaintiffs") brought against Defendant Bank of America, N.A. ("BANA") over its administration of the

---

[1] Federal Rule of Civil Procedure

1

21MD2992-GPC(MSB)

electronic benefits payment system for California's Employment Development Department ("EDD") during the COVID-19 pandemic. (*See* Dkt. No. 304, Second Amended Master Consolidated Complaint ("SAMCC").) EDD, the administrator of unemployment benefits in California, entered into an exclusive contract with BANA, to distribute those benefits through Bank-issued and Bank-administered prepaid debit cards which are linked to individual Bank depository accounts. (*Id.* ¶¶ 1, 2, 39.)

Class and Individual Plaintiffs, like other millions of Californians, lost their jobs during the COVID-19 pandemic and were found eligible by EDD for unemployment and other public benefits. (*Id.* ¶ 1.) The state's unemployment rate skyrocketed from 3.9% in January 2020 to 16.4% in April 2020 following Governor Gavin Newsom's closure orders. (*Id.* ¶ 74.) Since the start of the COVID-19 pandemic in March 2020, EDD received at least 18.5 million claims for various unemployment benefits. (*Id.* ¶ 75.) For example, in the first week of December 2020, EDD received 341,813 claims which was a 600% increase from December 2019. (*Id.*) Per the exclusive contract between EDD and BANA, BANA issued benefit payments to individuals found eligible for unemployment benefits through more than 9 million Bank-issued and Bank-administered prepaid debit cards. (*Id.* ¶ 2.) These pre-paid debit cards were subject to rampant third-party fraud during the COVID-19 pandemic and tens of millions of dollars have been stolen from these bank accounts. (*Id.* ¶¶ 76-78.) All Plaintiffs similarly claim that BANA did not safeguard and properly manage benefits during the pandemic and unlawfully froze or denied access to unemployment funds in their debit card accounts.

After full briefing of Class Plaintiffs' motion for class certification, (Dkt. Nos. 324, 349, 378), the Court held a hearing on January 17, 2025. (Dkt. No. 405.) Shortly thereafter, on February 7, 2025, Defendant filed a motion to stay pending the United States Supreme Court review of *Lab'y Corp. of Am. Holdings v. Davis*, No. 24-0304. (Dkt. No. 415.) On March 28, 2025, the Court granted in part a stay of the case pending the United States Supreme Court review. Recognizing there is a circuit split on the issues of "1) whether Article III bars certification of a proposed Rule 23(b)(3) class that

contains uninjured members; and 2) whether Rule 23(b)(3) bars certification of a proposed class with an appreciable number of uninjured members", (Dkt. No. 448 at 5-6[2]), the Court granted a stay "because the Supreme Court will be addressing the identical issues raised in this case, [and] a decision will likely inform on the proper standard to apply." (*Id.* at 6-7.)

However, on June 5, 2025, the Supreme Court dismissed the case as "improvidently granted." *Lab'y Corp. of Am. Holdings v. Davis*, 605 U.S. 327, 327 (2025). As such, on the same day, the Court lifted the stay and confirmed that the case of *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F. 4th 651 (2024) remains binding. (Dkt. No. 492 at 1-2.)

On June 24, 2025, the Court granted Class Plaintiffs' motion for class certification, appointed class representatives as well as co-lead class counsel.[3] (Dkt. No. 499.) On July 1, 2025, Defendant filed a petition for permission to appeal pursuant to Federal Rule of Civil Procedure ("Rule") 23(f) asking the Ninth Circuit to address "[w]hether this Court should review a class-certification grant that puts hundreds of millions of dollar at stake and allows criminals to share in a class recovery without proposing any mechanism from removing these ineligible plaintiffs from the class." (Dkt. No. 510; Dkt. No. 513-1 at 6.) Two days later, on July 3, 2025, Defendant filed a motion to stay pending resolution of Rule 23(f) petition and the motion is fully briefed. (Dkt. Nos. 513, 529, 541.)

## Discussion

Rule 23(f) permits a party to petition the court of appeals for permission to immediately appeal a grant or denial of class certification and provides that "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). A federal district court possesses the inherent

---

[2] Page numbers are based on the CM/ECF pagination.
[3] The sealed order was filed by the Court on June 16, 2025. (Dkt. No. 494 (UNDER SEAL).)

power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).

Because the Ninth Circuit has not ruled on what stay standard applies to a stay pending a ruling of a Rule 23(f) petition, district courts have applied either the *Nken*[4]/*Hilton*[5] standard or the *Landis* standard. *See Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1072-73 (S.D. Cal. 2019) ("The Ninth Circuit has not articulated a specific standard for evaluating a proposed stay pending decision of a Rule 23(f) appeal."). It is recognized that the majority of district courts in this circuit apply the *Nken/Hilton* standard on a motion for a stay pending a decision of a Rule 23(f) petition. *Romero*, 383 F. Supp. 3d at 1073; *Evans v. Wal-Mart Stores, Inc.*, Case No. CV 17-07641-AB (KK), 2019 WL 7169794, at * 2 (C.D. Cal. Oct. 23, 2019). The *Nken/Hilton* standard considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). It is also acknowledged that a minority of courts apply the *Landis* stay standard. *Romero,* 383 F. Supp. 3d at 1073 n.1. The *Landis* stay considers "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

---

[4] *Nken v. Holder*, 556 U.S. 418 (2009).
[5] *Hilton v. Braunskill*, 481 U.S. 770 (1987).

Defendant applies both the *Landis* and the *Nken* standard in support of its motion for a stay. (Dkt. No. 513-1 at 11-17.) Class Plaintiffs argue that the *Nken* standard applies because the majority of the courts apply it. (Dkt. No. 529 at 11 & n. 1.) However, both agree that the result would be the same under both standards. (Dkt. No. 513-1 at 13-14; Dkt. No. 529 at 11 n. 1.)

After careful review of the caselaw, the Court agrees with the reasoning of the minority view that apply *Landis* to a stay pending a Rule 23(f) petition because Defendant seeks a stay of the court proceedings during an interlocutory appeal and not a stay of a court's final order or judgment. The *Nken* and *Hilton* test applies "only when a party seeks the stay of execution of a judgment or order that modifies the status quo pending the resolution of the correctness of that order or judgment by the appellate court." *Romero,* 383 F. Supp. 3d at 1073 n.1 (citations omitted); *Kuang v. U.S. Dep't of Defense*, Case No. 18-cv-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (*Nken* standard "is applicable when there is a request to stay a district court's *judgment* or *order* pending an appeal of the same case") (collecting cases). In *Hilton*, the Supreme Court addressed a stay pending appeal of a district court order granting a writ of habeas corpus and asserted that the stay factors it applied are ones "traditionally considered in deciding whether to stay a judgment in a civil case." *Hilton*, 481 U.S. at 777. In *Nken*, the Supreme Court applied the traditional stay factors of *Hilton* to an alien's removal pending appeal. *Nken*, 556 U.S. at 436. In both *Hilton* and *Nken*, the moving party was seeking to stay the judgments or orders of the court rather than a stay of the proceedings. On the other hand, *Landis* involved "the power of a court to stay proceedings in one suit until the decision of another," 299 U.S. at 249, or "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863 (9th Cir. 1979). However, in *Kuang,* the district court noted that courts have overwhelmingly concluded that the *Landis* test applies to a request "to stay *proceedings,* regardless whether the stay is based on a direct appeal or an independent case." *Kuang*, 2019 WL 1597495, at *3 (applying *Landis* to request for stay pending interlocutory

appeal of court's preliminary injunction); *Peck v. Cnty. of San Diego*, 528 F. Supp. 3d 1100, 1105 (C.D. Cal. 2021) (applying *Landis* to a stay pending interlocutory appeal).

Further, the cases cited by Class Plaintiffs to support the *Nken* standard merely applied the standard and did not explain why it applied the standard in *Nken* rather than the *Landis* stay standard. (*See* Dkt. No. 529 at 11-12); *see also Kuang*, 2019 WL 1597495, at *2 ("Critically, none of these decisions discussed the *Landis* test or offered a reasoned analysis as to why the *Nken* test applied."); *Andrade Rico v. Beard*, No. 2:17-cv-1402 KJM DB P, 2019 WL 4127206, at *6 (E.D. Cal. Aug. 30, 2019) (noting courts applying *Nken/Hilton* do so without analysis).

A Rule 23(f) petition seeking permission to appeal an order on a class certification order is an interlocutory appeal and not a final judgment. *Microsoft Corp. v. Baker*, 582 U.S. 23, (2017) ("Rule 23(f) authorizes 'permissive interlocutory appeal' from adverse class-certification orders in the discretion of the court of appeal[s.]"). Therefore, because Defendant seeks a stay of the proceedings and is seeking an interlocutory appeal, the more appropriate standard to apply is *Landis*, and not *Nken,* which is reserved for a stay of a judgment pending appeal. *See Flores v. Bennett*, 675 F. Supp. 3d 1052, 1057 (E.D. Cal. 2023) ("Because the district courts that have addressed both tests have consistently applied *Nken* only to stays of judgments and *Landis* to stays of proceedings, the Court uses the *Nken* factors to evaluate Defendants' request to stay enforcement of the preliminary injunction and relies on the *Landis* test to evaluate the request to stay the proceedings pending the interlocutory appeal.").

**A.   *Landis* Stay**

A *Landis* stay requires an evaluation of the following factors:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)).  The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  A district court has discretion whether to grant or deny a *Landis* stay.  *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

### 1. Balance of Hardships

The hardships raised by both parties mirror the arguments raised in the prior motion for a stay filed by Defendant.  (*See* Dkt. Nos. 415, 427.)  Defendant argues that both parties will suffer hardship if a stay is not granted because they may be required to engage in duplicative and unnecessary motion practice based on the Ninth Circuit's decision.  (Dkt. No. 513-1 at 13.)  Class Plaintiffs argue that a stay would prejudice both them and the class members because as time passes, class members' contact information will become outdated and unlocatable and there is a likelihood that witness memories may fade or become unavailable by the time of trial.  (Dkt. No. 529 at 25, 28-9)

On this factor, "[i]f there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity."  *Landis*, 299 U.S. at 255 (internal quotation marks omitted).  Courts "are generally unwilling to presume delay is harmful without specific supporting evidence."  *Aliphcom v. Fitbit, Inc*., 154 F. Supp. 3d 933, 938 (N.D. Cal. Dec. 30, 2015).  A general claim of harm due to a delay in litigation is not sufficient.  *See id.*

In the prior stay order, the Court concluded that the balance of hardships weighed slightly in favor of Defendant because a decision by the Supreme Court resolving a circuit split would impact the Rule 23(b)(3) analysis potentially causing unnecessary motion practice and preparing for trial.  (Dkt. No. 448 at 8-9.)  However, on the Rule 23(f) petition, the Ninth Circuit will be looking at its own settled precedent.  As such, any generalized harm in the form of litigation costs does not constitute hardship in being required to move forward in this more than four-year old case.  *See Lockyer v. Mirant*

*Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("being required to defend suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.") On the other hand, in the prior order, the Court noted that a *short* three-month stay would not impose any hardships on Class Plaintiffs. (Dkt. No. 448 at 8.) But, at this time, the Court recognizes that the case is over four years old, the case was already stayed pending Supreme Court review of *Davis*, and the Individual Plaintiffs' cases have all been stayed pending a ruling on the class certification motion. Notwithstanding any ruling on the Rule 23(f) petition, the case will still need to proceed on the merits as it relates to the Individual Plaintiffs. Further, a stay will only exacerbate the hardships on Class Plaintiffs and Individual Plaintiffs in the form of witness memories' fading, Bank witnesses leaving Defendant's employ, and likelihood that class members' contact information will become stale. Therefore, the Court concludes that the balance of hardships tips in favor of Class Plaintiffs and against a stay.

### 2. Judicial Economy and the Orderly Course of Justice

Next, the Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Landis,* 299 U.S. at 255.

Defendant argues that the orderly administration of justice supports a stay where a stay would simplify the issues and avoid unnecessary time and resources on dispositive and *Daubert* motions in the event the Ninth Circuit holds that class certification is not appropriate. (Dkt. No. 513-1 at 13.) In support, Defendant relies on the Court's order granting a stay pending the Supreme Court's review of the *Davis* case. But at that time, the Supreme Court was considering a circuit split on the questions of "whether all members of a proposed class must have Article III standing at class certification and/or what standard to apply to assess predominance when there are an 'appreciable' number of uninjured class members." (Dkt. No. 448 at 7.) Ultimately, the Supreme Court did not answer these questions and ruled that the petition for writ of certiorari was improvidently granted. *See Lab'y Corp.*, 605 U.S. at 327.

At this time, Defendant's request for a stay involves an interlocutory appeal with the Ninth Circuit and will not be addressing a split of authority but the application of its own precedent. Relying on *Olean* and *Van v. LLR, Inc.*, 61 F.4th 1053 (9th Cir. 2023), the Court concluded that Plaintiff had demonstrated that common issues will predominate under Rule 23(b)(3) and Defendant had failed to respond with evidence that individual issues will predominate. (*See* Dkt. No. 499.) Further, due to the age of the case, and Class Plaintiffs' interest in having their day in court, the orderly course of justice and judicial economy does not support a stay at this stage.

In conclusion, considering the *Landis* factors, the Court concludes that a stay is not warranted and DENIES Defendant's motion to stay the case pending its Rule 23(f) petition.

## Conclusion

Based on the reasoning above, the Court DENIES Defendant's motion to stay the proceedings pending its Rule 23(f) petition. The hearing set on September 16, 2025 shall be **vacated**.

IT IS SO ORDERED.

Dated: August 15, 2025

Hon. Gonzalo P. Curiel
United States District Judge